IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

SALLY JUNE HATAWAY,

    Plaintiff,

vs.                                               Case no. 3:05cv94-RS-EMT

PIAS, INC., and
GOLD INCORPORATED,

    Defendants.
_____/

## ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Before the Court is Defendants' Motion for Summary Judgment (Doc. 15).

### I. FACTS

Defendants are topless bars doing business under the name of "Sammy's" in Escambia and Okaloosa counties in Florida. Sammy's employed Plaintiff Sally Hataway as a cocktail waitress in 1992. On or about March 18, 2004, Sammy's terminated Hataway's employment. At the time of her discharge, Hataway was 46 years old.

Hataway alleges that Sammy's terminated her employment to rid itself of older floor employees and promote a youthful image. After filing a charge of age discrimination with the Equal Employment Opportunity Commission (EEOC) on or about April 20, 2004, and receiving a right to sue letter, Hataway commenced this action on March 11, 2005. The Complaint alleges that Sammy's violated the provisions of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621-634, by terminating Hataway's employment because of her age.

Sammy's filed a Motion for Summary Judgment on October 12, 2005 (Doc. 15). Sammy's argues that summary judgment is warranted in its favor for three reasons: (1) Hataway fails to state a prima facie case of age discrimination because she violated Sammy's policies against making discriminatory comments and dishonesty; (2)

Sammy's reasons for terminating Hataway were legitimate and non-discriminatory because Hataway admitted to making racially discriminatory remarks and was dishonest; and (3) Sammy's did not treat employees differently because of age. Hataway filed no response to Sammy's Motion for Summary Judgment.

## II.  DISCUSSION

### A. The Summary Judgment Standard

Under Federal Rule of Civil Procedure 56(c), summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The "purpose of summary judgment is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial."  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quoting Advisory Committee Note to 1963 Amendment of Fed. R. Civ. P. 56(e)).  "An issue of fact is 'material' if it is a legal element of the claim, as identified by the substantive law governing the case, such that its presence or absence might affect the outcome of the suit."  Tipton v. Bergrohr GMBH-Siegen, 965 F.2d 994, 998 (11th Cir. 1992) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). "It is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party."  Tipton, 965 F.2d at 998 (citing Matsushita, 475 U.S. at 587).

The basic issue before the court on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson, 477 U.S. at 251.  The moving party has the burden of showing the absence of a genuine issue as to any material fact, and in deciding whether the movant has met this burden, the court must view the movant's evidence and all factual inferences arising from it in the light most favorable to the nonmoving party.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970); Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115 (11th Cir. 1993); Welch v. Celotex Corp., 951 F.2d 1235, 1237 (11th Cir. 1992).  Thus, "[i]f reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment." Miranda v. B & B Cash Grocery Store, Inc., 975 F.2d 1518, 1534

(11th Cir.1992) (citing Mercantile Bank & Trust v. Fidelity & Deposit Co., 750 F.2d 838, 841 (11th Cir.1985)).  However, "[a] mere 'scintilla' of evidence supporting the [nonmoving] party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990) (citing Anderson, 477 U.S. at 251).

If the movant, here the defendant, satisfies its initial burden under Rule 56(c) by demonstrating the absence of a genuine issue of material fact, the burden shifts to the nonmovant to "come forward with 'specific facts showing that there is a genuine issue for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e)) (emphasis omitted).  Otherwise stated, the nonmovant must "demonstrate that there is indeed a material issue of fact that precludes summary judgment." Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir.1991).  "The nonmoving party may avail itself of all facts and justifiable inferences in the record taken as a whole." Tipton, 965 F.2d at 998 (citing United States v. Diebold, Inc., 369 U.S. 654, 655 (1962)). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson, 477 U.S. at 255 (citing Adickes, 398 U.S. at 158-59).

"The summary judgment rule is to be applied in employment discrimination cases as in any other case." Fitzpatrick v. Winn-Dixie Montgomery, Inc., 153 F. Supp. 2d 1303, 1305 (11th Cir. 2001) (citing Chapman v. AI Transport, 229 F.3d 1012, 1026 (11th Cir. 2000) (en banc)).  In light of the summary judgment standard, the court will apply the relevant substantive law to the facts of the case.

**B. Age Discrimination**

Under the Age Discrimination in Employment Act of 1967 (ADEA), "It shall be unlawful for an employer to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age."  29 U.S.C. § 623(a)(1).  A plaintiff may establish that a discharge was discriminatory in one of three ways:  (1) direct evidence of discriminatory intent; (2) statistical proof of a pattern of discrimination; or (3) satisfying the test set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).  Earley v. Champion Int'l Corp., 907 F.2d 1077, 1081 (11th Cir.

1990). Hataway has offered no direct evidence of discriminatory intent or statistical proof that Sammy's engaged in a pattern of age discrimination. Thus, if Hataway is to prove that her discharge was discriminatory, she must do so based on circumstantial evidence under the McDonnell Douglas framework.

Under the McDonnell Douglas paradigm, the court applies the three-tiered analysis set forth in McDonnell Douglas and refined in Texas Dept. Of Cmty. Affairs v. Burdine, 450 U.S. 248, 252-56 (1981). See Byrd v. Lakeshore Hosp., 30 F.3d 1380, 1383 (11th Cir. 1994). Under this analysis, a plaintiff is required to first establish, by a preponderance of the evidence, a prima facie case that creates a rebuttable presumption of unlawful discrimination. McDonnell Douglas, 411 U.S. at 802. "The plaintiff's burden of establishing a prima facie case serves, in part, to assure that the plaintiff has some competent proof that she was treated differently than similarly situated employees." Lang v. Star Herald, 107 F.3d 1308, 1312 (8th Cir. 1997). Second, if the plaintiff successfully establishes the prima facie case of discrimination, the burden of production "then must shift to the employer to articulate some legitimate, nondiscriminatory reason for the employee's rejection." McDonnell Douglas, 411 U.S. at 802. Finally, if the employer successfully articulates some legitimate, nondiscriminatory reason for the employee's rejection, the plaintiff must demonstrate by a preponderance of the evidence that the employer's stated reason for rejecting the employee was merely a pretext for discriminating against her. Id. at 804. Despite the shifting burdens of proof, "the ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." Burdine, 450 U.S. at 253.

**1.  McDonnell Douglas Step One:  The Prima Facie Case of Discrimination**

A plaintiff may establish a prima facie case of discrimination under the ADEA by demonstrating that she (1) was a member of the group of persons aged forty to seventy protected by the ADEA; (2) was subjected to adverse employment action; (3) was qualified to perform the job from which she was rejected; and (4) (a) was replaced by a substantially younger person or (b) similarly situated younger employees were treated more favorably. Chapman v. AI Transport, 229 F.3d 1012, 1024 (11th Cir. 2000) (en banc); Damon v. Fleming Supermarkets, Inc., 196 F.3d 1354, 1359 (11th Cir. 1999);

Lauderdale v. Johnston Indus., Inc., 139 F. Supp. 2d 1315, 1319-20 (M.D. Ala. 2001) (citing Chapman AI Transport, 229 F.3d at 1024 and Crapp v. City of Miami Beach, 242 F.3d 1017, 1020 (11th Cir. 2001)).

Hataway has failed to establish a prima facie case of discrimination under the ADEA. The first requirement of the prima facie case is satisfied because Hataway was 46 years of age at the time of her termination. Therefore, Hataway was within the age group protected by the ADEA. The second requirement of the prima facie case is also satisfied because Hataway experienced adverse employment action when she was terminated from her position. Sammy's contends that Hataway fails to satisfy the third requirement of the prima facie case because she admittedly violated Sammy's policy against making discriminatory comments and being untruthful. In Sammy's view, such violations render Hataway unqualified for the position. However, the Eleventh Circuit has stated that

> [w]e have recognized that in termination cases, the question of whether the plaintiff was qualified to do the job is not often at issue. 'In cases where a plaintiff has held a position for a significant period of time, qualification for that position sufficient to satisfy the test of a *prima facie* case can be inferred.' . . . Thus, 'allegations of poor performance against plaintiffs discharged from long-held positions may be properly considered . . . when a court evaluates the pretextual nature of an employer's proffered nondiscriminatory reasons for termination.'

Crapp, 242 F.3d at 1020 (citing Burdine, 450 U.S. at 253; Rosenfield v. Wellington Leisure Prods., Inc., 827 F.2d 1493, 1495 n.2 (11th Cir. 1987); Damon v. Fleming Supermarkets, Inc., 196 F.3d 1354, 1360 (11th Cir. 1999), cert. denied, 529 U.S. 1109 (2000).

Here, Hataway held her position for a significant period of time - approximately twelve years - before she was terminated. Thus, based on Eleventh Circuit jurisprudence, a proper inference can be made that Hataway was qualified for her position when she was terminated, at least for purposes of satisfying the prima facie case at the summary judgment stage. Whether Sammy's was justified in terminating Hataway for violating its policies is more appropriately analyzed in the second and third steps of the McDonnell Douglas analysis which address the employer's legitimate, nondiscriminatory reasons for termination and whether the proffered reasons are

pretextual.

Even assuming, however, that Hataway has satisfied the first three requirements of the prima facie case of discrimination, she nevertheless fails to establish a prima facie case of discrimination because she has not satisfied the final requirement. Hataway has offered no evidence whatsoever, not even a conclusory statement or allegation, that she was replaced by a person substantially younger or that younger employees who were similarly situated to her were treated more favorably. In fact, the sole piece of information filed by Hataway relevant to Sammy's Motion for Summary Judgment is the Complaint. Hataway provides no affidavits, depositions, documents, etc. in support of her case. Defendants are entitled to summary judgment as a matter of law.

### 2. McDonnell Douglas Step Two: Employer's Legitimate, Nondiscriminatory Reason

Because this Court has determined that Hataway has failed to establish a prima facie case of discrimination under the ADEA, it need not determine whether Sammy's has offered a legitimate, nondiscriminatory reason for terminating Hataway or whether the proffered reason was pretextual. Nonetheless, those issues will be analyzed. In so doing, it will be assumed for purposes of this discussion only that Hataway has established a prima facie case of discrimination.

In showing that it had a legitimate, nondiscriminatory reason for terminating an employee, the defendant's burden is "exceedingly light." Perryman v. Johnson Prods. Co. Inc., 698 F.2d 1138, 1142 (11th Cir. 1983) (citing Burdine, 450 U.S. at 254-55). "The defendant only needs to produce evidence of a reason for its decision; it does not need to prove that it was actually motivated by that explanation." Sermons, 227 F. Supp. 2d at 1380 (citing Burdine, 450 U.S. at 254). "[The proffered reason] is sufficient if the defendant's evidence raises a genuine issue of fact as to whether it discriminated against the plaintiff." Burdine at 254-55. The defendant's burden at this stage of the analysis is "merely one of production, not of proof." Lee v. Russell County Bd. of Educ., 684 F.2d 769, 773 (11th Cir. 1982). "As long as the defendant articulates its reason with some specificity so that the plaintiff has a 'full and fair opportunity to demonstrate pretext,' the defendant's burden has been met." Sermons, 227 F. Supp. 2d at 1380

(quoting Burdine, 450 U.S. at 255-56).

     Sammy's has satisfied its burden of articulating a legitimate, nondiscriminatory reason for discharging Hataway.  On March 13, 2004, another waitress employed by Sammy's, Jennifer Torres, informed Sammy's manager, Steve Gragg, that Hataway had made inappropriate and offensive racial comments to her and to Sammy's customers.  Affidavits from two of Sammy's patrons, presumably minorities, confirm that Hataway remarked that she was not going to serve them, that they were making the club "look bad," that they did not "belong at the Sammy's location," that they "should not have been allowed inside Sammy's," that she believed they were nothing but "thugs," and that their money was obtained from selling drugs.  Both patrons stated in their affidavits that they did not engage in any conduct which would warrant the comments.  An affidavit from James Wheeler, a bartender at Sammy's, acknowledged that he overheard Hataway comment to Torres, who was dating an African-American and a frequent customer of Sammy's, that "you need to get your kind of our way" and that "they are acting like a bunch of thugs and are making it hard for us to do our job."

     Gragg convened a meeting with Hataway to discuss the alleged behavior.  Two other managers attended the meeting as witnesses.  Gragg and both witnesses submitted affidavits recounting the events which transpired at the meeting.  Each affidavit acknowledged that Hataway admitted making the alleged comments.  Gragg reviewed Sammy's policy prohibiting harassment and discrimination and explained to Hataway that future violations of the policy could result in her termination.  Attached as an exhibit to Sammy's Motion for Summary Judgment was a copy of Sammy's "Standards of Conduct and Termination" ("Standards").  The Standards clearly warn that violating the company's policy against unlawful discrimination or harassment "may subject the employee to discipline, up to and including immediate termination."  Gragg suspended Hataway for one night until he could confer with Patti Cantavespre, the chief executive officer of Sammy's.  Following his discussion with Cantavespre, it was decided that Hataway would be suspended for one week without pay.

     Hataway then requested a meeting with Cantavespre, presumably to protest her suspension.  In her affidavit, Cantavespre stated that during her meeting with Hataway, Hataway denied making any improper racially discriminatory remarks.  Cantavespre

relayed this information to Gragg and because Hataway's denial of the alleged behavior was materially inconsistent with her admission during the meeting with Gragg, Cantavespre and Gragg decided to terminate Hataway's employment for dishonesty. Again, the company Standards clearly warn that "dishonesty, including lack of candor" may "subject the employee to discipline, up to and including immediate termination." In essence, the uncontroverted evidence establishes that Hataway violated company policy not once but twice, each violation sufficient in itself to result in Hataway's immediate termination. Defendants have satisfied their "exceedingly light" burden of articulating legitimate, nondiscriminatory reasons for terminating Hataway.

### 3. McDonnell Douglas Step Three: Pretext

"Once a defendant offers a legitimate, nondiscriminatory reason for its actions, the plaintiff must attack that reason 'head on and rebut it' so as to show that the reason is really pretext for discrimination." Sermons, 227 F. Supp. 2d at 1381 (quoting Chapman v. AI Transport, 229 F.3d 1012, 1030 (11th Cir. 2000)). Pretext can be established by evidence which "cast[s] sufficient doubt on the defendant's proffered nondiscriminatory reasons to permit a reasonable fact finder to conclude that the employer's proffered 'legitimate reasons were not what actually motivated its conduct.'" Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 605 (11th Cir. 1994). Stated differently, "the plaintiff may attempt to establish that he was the victim of intentional discrimination 'by showing that the employer's proffered explanation is unworthy of credence.'" Reeves, 530 U.S. at 143 (quoting Burdine, 450 U.S. at 256). The proffered explanation is unworthy of credence if the plaintiff demonstrates "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder" could disbelieve it. Combs v. Plantation Patterns, Meadowcraft, Inc., 106 F.3d 1519, 1538 (11th Cir. 1997) (quoting Sheridan v. E.I. DuPont de Nemours & Co., 100 F.3d 1061, 1072 (3d Cir. 1996)) (citation and internal quotation marks omitted). In order to prove pretext, the plaintiff may offer "direct evidence of discrimination in the form of statements and admissions or by circumstantial evidence in the form of comparative or statistical evidence." Woody v. St. Clair County Comm'n, 885 F.2d 1557, 1560 (11th Cir. 1989) (citing Miles v. M.N.C. Corp., 750 F.2d 867, 870 (11th Cir. 1985)). The plaintiff may also

establish pretext by showing that the employer did not rely on the proffered explanations for its actions.  See Israel v. Sonic-Montgomery FLM, Inc., 231 F. Supp. 2d 1156, 1162 (M.D. Ala. 2002) (citing Chapman, 229 F.3d at 1024).

Hataway has made no attempt to prove pretext.  Nor does the evidence before the Court support any inference whatsoever that Defendants' proffered reasons for terminating Hataway are mere pretexts for discriminating against her.  Accordingly, Hataway has failed to rebut the legitimate, nondiscriminatory reasons offered by Defendants in support of their decision to discharge Hataway.

### III.  CONCLUSION

1.  Plaintiff has failed to present sufficient evidence from which a reasonable jury could conclude that she was a victim of age discrimination under the ADEA.

2.  Defendants' Motion for Summary Judgment (Doc. 15) is granted.

3.  The clerk shall enter judgment dismissing Plaintiff's claims with prejudice.

4.  The clerk shall close the file.

**ORDERED** on March 2, 2006.

          **/s/ Richard Smoak**
          **Richard Smoak**
          **United States District Judge**